**TREEHOUSE LAW, LLP**
Joseph Hakakian (SBN 323011)
Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
Joshua Nassir (SBN 318344)
3130 Wilshire Blvd, Suite 555
Santa Monica, CA 90403
Telephone: (310) 751-5948
jhakakian@treehouselaw.com
bheikali@treehouselaw.com
rglezakos@treehouselaw.com
jnassir@treehouselaw.com

*Attorneys for Plaintiffs and the Putative
Classes*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Helena Burke and Breeana Cooper on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Fresh, Inc.<br><br>        Defendant. | CASE NO.:<br><br>**<u>CLASS ACTION COMPLAINT</u>**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiffs Helena Burke and Breeana Cooper ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, bring this Class Action Complaint against Fresh, Inc. ("Defendant" or "Fresh"), based upon personal knowledge as to themselves, and upon information, investigation and belief of their counsel.

## INTRODUCTION

1.      This class action seeks to challenge Defendant's false and deceptive practices in the labeling and marketing of its "Fresh Sugar" products (collectively, the "Products"[1]).

2.      At issue is the labeling and marketing of the Products, which lead reasonable consumers to believe the Products contain sugar, when they do not.

3.      Specifically, the front labels of the Products advertise the inclusion of "SUGAR" in the Products (the "Sugar Representation"), leading reasonable consumers to believe the Products contain sugar. The Sugar Representation is bolstered by the Products' off-label marketing, which prominently represents that the Products are "powered by sugar," "infused with sugar" and that they contain "Sugar For Lasting Hydration." Moreover, photos of crystallized sugar are placed immediately adjacent to the marketing and advertising of the Products, alongside descriptions of the skincare benefits of sugar.

4.      Despite the Sugar Representation and other sugar marketing, and unbeknownst to consumers, ***the Products do not contain sugar***.

5.      Consumers seek sugar in cosmetic products, such as the Defendant's lip balms, as an exfoliant, humectant, and to assist in cell turnover. Sugar can remove dead skin on the lips, and in conjunction with other ingredients, can hydrate and moisturize the skin. For these reasons, the reasonable belief that the Products contain sugar is material to reasonable consumers and impacts their purchasing decisions.

---

[1] The challenged Products are fully defined, *infra*, in paragraph 16.

6. Indeed, due to consumer demand for sugar in cosmetic and personal care products, sugar is commonly used in these types of products.

7. Plaintiffs and other consumers purchased the Products and paid a premium price based upon their reliance on Defendant's labeling and marketing representations that the Products contain sugar. Had Plaintiffs and other consumers been aware that these representations were false and misleading, they would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiffs and Class members have been injured by Defendant's deceptive business practices.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure in that: (1) there are more than 100 Class members; (2) the parties are minimally diverse, as Defendant is a citizen of a state different from at least some members of the proposed class, including Plaintiffs; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

9. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California through its sale of the Products and other goods in California, to California consumers.

10. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Plaintiff Helena Burke resides in this District, and she purchased one of the Products in this District during the statute of limitations period.

///

///

## **PLAINTIFFS**

11.    Plaintiff Helena Burke is a citizen of California and currently resides in San Francisco, California. In or around August 2024 and January 2025, Plaintiff Burke purchased Defendant's Fresh Sugar Watermelon Hydrating Lip Balm and Fresh Sugar Tinted Lip Balm (respectively) from a Macy's retail store in San Francisco, California. Relying on the front label Sugar Representation, as well as the marketing and advertising representations she had previously viewed in retail stores (including Sephora) and on Defendant's website—which consistently conveyed that the Products contained real sugar—Plaintiff Burke reasonably believed the Products contained sugar and relied on these representations in deciding to make her purchases. Plaintiff Burke did not see or review the back label of the Product, and had no reason to as she relied on the unequivocal front label Sugar Representation. Had she known that the Product did not contain sugar, she would not have purchased it or would have paid significantly less for it. As such, Plaintiff Cooper has been directly financially injured by Defendant's false and misleading labeling.

12.    Plaintiff Breeana Cooper is a citizen of California and currently resides in Murrieta, California. In or around June 2022, Plaintiff Cooper purchased Defendant's Fresh Sugar Lip Treatment Lip Balm from a Sephora in Anaheim, California. Relying on the front label Sugar Representation, she reasonably believed the Product contained sugar. Plaintiff Cooper did not see or review the back label of the Product, and had no reason to as she relied on the unequivocal front label Sugar Representation. Had she known that the Product did not contain sugar, she would not have purchased it or would have paid significantly less for it. As such, Plaintiff Cooper has been directly financially injured by Defendant's false and misleading labeling.

13.    Despite Defendant's misrepresentations, Plaintiffs would purchase the Products, as advertised, if they contained sugar. Although Plaintiffs regularly shop at stores that carry the Products, absent an injunction of Defendant's deceptive labeling

and advertising, Plaintiffs will be unable to rely with confidence on Defendant's labeling and advertising of the Products in the future. Furthermore, while Plaintiffs currently believe the Products' labeling and advertising is inaccurate, they lack personal knowledge as to Defendant's specific business practices, and thus, Plaintiffs will not be able determine whether the Products truly contain sugar. This leaves doubt in their minds as to the possibility that at some point in the future the Products could be made in accordance with the representations on the Products' front label and advertising. This uncertainty, coupled with Plaintiffs desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading representations. In addition, other Class members will continue to purchase the Products, reasonably but incorrectly, believing that they contain sugar.

## DEFENDANT

14.     Defendant Fresh Inc. is a Delaware corporation with its principal place of business in New York, New York. Defendant Fresh Inc. is one of the largest producers of personal care products, including the Products challenged in this Complaint. Defendant sells the Products throughout California, including in this District specifically.

## FACTUAL ALLEGATIONS

15.     Defendant is a prominent American beauty brand specializing in skin and lip care products, including Fresh brand personal care and cosmetics products, such as the challenged lip balms and treatments. Defendant has garnered a substantial customer base and sells its products to consumers nationwide through its website, Ulta.com, Sephora.com, Macy's, and in both Sephora and ULTA beauty brick and mortar stores.

16.     The Products at issue in this Complaint encompass the following Fresh brand lip and skin products: (1) Sugar Lip Balm, (2) Sugar Petal Tinted Lip Balm, (3) Sugar Papaya Tinted Lip Balm, (4) Sugar Peony Tinted Lip Balm, (5) Sugar Berry

-4-

Tinted Lip Balm, (6) Sugar Plum Tinted Lip Balm, (7) Sugar Bloom Tinted Lip Balm, (8) Sugar Coral Tinted Lip Balm, (9) Sugar Cocoa Tinted Lip Balm, (10) Sugar Honey Tinted Lip Balm, (11) Sugar Icon Tinted Lip Balm, (12) Sugar Rosé Tinted Lip Balm, (13) Sugar Clear Tinted Lip Balm, (14) Sugar Mint Rush Lip Balm, (15) Sugar Dewy Daisy Tinted Lip Balm, (16) Limited-Edition Sugar Aurora Red Tinted Lip Balm, (17) Limited-Edition Sugar Beach Peach Tinted Lip Balm, (18) Limited-Edition Sugar Sunset Rose Tinted Lip Balm, (19) Sugar Dewy Daisy Tinted Lip Balm, (20) Sugar Coconut Hydrating Lip Balm, (21) Sugar Watermelon Hydrating Lip Balm, (22) Sugar Caramel Hydrating Lip Balm, (23) Sugar Mango Hydrating Lip Balm, (24) Sugar Advanced Therapy Lip Treatment, (25) Fresh Sugar Lip Treatment SPF 15, (26) Sugar Advanced Therapy Lip Rescue Ointment, and (27) Sugar Recovery Lip Mask Advanced Therapy, (28) Fresh Sugar Treat Lip Oil, (collectively, the "Product(s)").

17.    Unfortunately for consumers, Defendant engages in false and misleading advertising for the Products to gain a competitive edge in the market, all at the expense of unsuspecting consumers. As outlined below, Defendant accomplishes this by using front label and other advertising claims that lead reasonable consumers into believing that the Products contain sugar, when that is far from the case.

18.    Specifically, the front label of the Products prominently promotes "SUGAR" in the Products (the "Sugar Representation"). *See examples on the following page.*

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20





21    19.    Although the front label alone is sufficient to deceive reasonable

22 consumers—whether they purchase the Products online or in-store—consumers are

23 further exposed to a pervasive marketing and advertising campaign that consistently

24 reinforces the unifying message that the Products contain sugar, thereby amplifying

25 and furthering the deception.

26    20.    Defendant's online advertising for the Products includes additional

27 representations emphasizing sugar and its purported benefits. For example, the

28 advertising expressly claims that the Products feature "sugar, a natural humectant," are

"powered by sugar from beet root and sugar cane," provide "Sugar For Lasting Hydration," and are "infused with sugar." Furthermore, images of crystallized sugar are prominently displayed adjacent to these marketing and advertising claims, directly associating the beneficial skincare effects of sugar. *See examples below*.

## Key ingredients

















## Key ingredients —



**Shea butter**
helps to hydrate and nourish the skin.



**Berry wax**
helps protect the lips' moisture barrier to strengthen and condition.





**Sugar**
is scientifically proven to have a long-lasting hydrating effect while conditioning, nourishing, and softening.



**Hyaluronic acid filling spheres**
help make the lips appear fuller.

## Key ingredients —



**Sugar**
is scientifically proven to have a long-lasting hydrating effect while conditioning, nourishing, and softening.



**Apricot kernel oil**
helps to nourish and hydrate.





**Vitamin E**
helps to protect, soothe, and soften the skin.



**Grapeseed oil**
helps to smooth and soften.



CLASS ACTION COMPLAINT

# Key ingredients



**Sugar**
is scientifically proven to have a hydrating effect.



**Squalane**
helps to restore and replenish moisture to the lips by mimicking oils naturally produced in the lips' lipidic barrier.

**Plum seed, black currant & grapeseed oils**
help maintain hydration, leaving lips feeling soft, smooth, and supple with Omega 6 & 9.

## What it is

A 24hr hydrating lip balm powered by sugar from beet root and sugar cane that offers sheer, buildable color with a smooth, buttery texture.

## Why you need it

Our best-selling Sugar lip balm offers 24hr hydration for soft, smooth lips and sheer-to-buildable color that adjusts to different skin tones. Infused with sugar and plant-based fruit oils—including upcycled cranberry seed oil—this clear or tinted lip balm leaves lips feeling and looking healthy.

- 24hr hydration for lips even as color wears
- Tinted lip balm developed for a wide range of skin tones
- Smoothes & softens dry lips
- The #1 Lip Treatment Brand in the US*

# F.A.Q.



**Why sugar?**
Sugar is a natural humectant and is scientifically proven to have a long-lasting hydrating effect while conditioning, nourishing, and softening. Our sugar comes from beet root and sugar cane.

**About the Product**

Item 2594463

**What it is:** A 24hr hydrating lip balm powered by sugar from beet root and sugar cane that offers sheer, buildable color with a

**Ingredients ^**

-Sugar: Scientifically shown to have a long-lasting hydrating effect.

-Cranberry Seed Oil: Smooths.

-Grapeseed Oil: Softens.

-9-

1

2

21.    The Products' in-store advertising only reinforces the perception that the Products contain sugar. *See below for examples*.



23.    Based on the foregoing representations, reasonable consumers purchase the Products with the expectation that the Products contain sugar.

24.    Merriam Webster defines sugar as "a sweet crystallizable material that consists wholly or essentially of sucrose…"[2] Dictionary.com defines sugar as "a

---

[2] https://www.merriam-webster.com/dictionary/sugar

sweet, crystalline substance, C 1 2 H 2 2 O 1 1, obtained chiefly from the juice of the sugarcane and the sugar beet, and present in sorghum, maple sap, etc.: used extensively as an ingredient and flavoring of certain foods and as a fermenting agent in the manufacture of certain alcoholic beverages; sucrose."[3]

25.    Sucrose is simply the chemical name for sugar, the simple carbohydrate we know and love that is produced naturally in all plants, including fruits, vegetables and even nuts.[4]

26.    Unbeknownst to consumers, the Products do not contain sugar as reasonably expected.

27.    As such, the Products are falsely and deceptively labeled and advertised.

28.    The perception that the Products contain sugar is material to consumers' purchasing decisions. Sugar is a natural ingredient well-known for its beneficial properties as a humectant, exfoliant, and to assist in cell turnover. Moreover, sugar is a natural source of glycolic acid, an alpha hydroxy acid (AHA) that permeates the deepest layers of the skin and breaks down the "glue" that binds skin cells together. This stimulates cell regeneration and encourages new skin cells and thus younger-looking skin. Glycolic acid can be used to treat sun-damaged and aging skin.

29.    For these reasons, sugar is commonly used in personal care and cosmetic products. Indeed, the expectation that the Products contain sugar is even more reasonable considering that similar lip products from competitor brands actually contain sugar, unlike Defendant's Products. *See examples on the following page.*

///

///

///

///

---

[3] https://www.dictionary.com/browse/sugar. (emphasis added)

[4] https://www.sugar.org/sugar/what-is-sugar/



**DETAILS**   INGREDIENTS   HOW TO USE

**What is it:** Our iconic brown sugar lip exfoliator that gently removes dry, dead skin - now in a new and improved formula and packaging for even softer, smoother lips.

**Why you'll love it:**

- New and improved formula and packaging for even softer lips
- Smooths, buffs, and conditions lips
- Infused with nourishing oils to help moisturize your pout
- Available in seven delicious scents

**Key Ingredients:**

- Sugar - buffs lips
- Vitamin E- moisturizes and nourishes lips
- Jojoba Oil
- Shea Butter
- Avocado Oil

**INGREDIENTS**

hydrogenated polyisobutene, sucrose, synthetic wax, molasses, fragrance, (parfum), microcrystalline wax (cera microcristallina), tocopheryl acetate, diethylhexyl syringylidenemalonate, phenoxyethanol, caprylyl glycol, caprylic/capric triglyceride, vitis vinifera (grape) seed oil, simmondsia, chinensis (jojoba) seed oil, persea gratissima (avocado) oil, butyrospermum, parkii (shea butter), iron oxides (ci 77491, ci 77492, ci 77499),





## INGREDIENTS

"Polybutene, Petrolatum, Sucrose, Octyldodecyl Neopentanoate, Triisostearyl Citrate, Paraffin, Ozokerite, Mica, Silica, Diisopropyl Dimer Dilinoleate, Polyethylene, Vitis Vinifera (Grape) Seed Oil, Punica Granatum Seed Oil, Rubus Idaeus (Raspberry) Seed Oil, Cocos Nucifera (Coconut) Oil, Butyrospermum Parkii (Shea) Butter, Mangifera Indica (Mango) Seed Butter, Aroma, BHT, Cera Alba/Beeswax/Cire D'abeille, Mentha Piperita (Peppermint) Oil, Octyldodecanol, Sodium Saccharin, Limonene, Benzoic Acid, Blue 1 Lake (CI 42090), Titanium Dioxide (CI 77891), Yellow 5 Lake (CI 19140) B00350"



**key ingredients**

sucrose simmondsia chinensis (jojoba) seed oil, isononyl isononanoate, ethylene/propylene/styrene copolymer, hydrogenated castor oil, nylon-12, aroma/fl avor, benzyl alcohol, bht, butylene/ethylene/styrene copolymer, butyrospermum parkii (shea) butter extract, limnanthes alba (meadowfoam) seed oil, molasses, tocopheryl acetate, vitis vinifera (grape) seed oil, phenoxyethanol.

Polyisobutene, Microcrystalline Wax, Diisostearyl Malate, Hydrogenated Polydecene, Butyrospermum, Parkii (Shea) Butter, Caprylic/Capric Triglyceride, Polyethylene, Dimethicone, Fragrance, Euphorbia Cerifera (Candelilla) Wax, Copernicia Cerifera (Carnauba) Wax, Rosa Canina Fruit Oil, Sucrose, Limonene, Linalool, Hexyl Cinnamal, Water, CI 15850, Mangifera Indica (Mango) Fruit Extract, 1,2-Hexanediol, Melia Azadirachta Leaf Extract



**INGREDIENTS**

Caprylic/Capric Triglyceride, Sucrose (Sugar), Sodium Chloride, Sodium Cocoamphoacetate, Silica, Tocopheryl Acetate (Vitamin E), *Butyrospermum Parkii (Shea) Butter Extract, *Cocos Nucifera (Coconut) Oil, *Macadamia Ternifolia Seed Oil, *Olea Europaea (Olive) Fruit Oil, *Limnanthes Alba (Meadowfoam) Seed Oil, *Simmondsia Chinensis (Jojoba) Seed Oil, *Ananas Sativus (Pineapple) Fruit Extract, *Aristotelia Chilensis (Maqui) Fruit Extract, *Cocos Nucifera (Coconut) Fruit Extract, *Aloe Barbadensis (Aloe Vera) Leaf Juice, *Symphytum Officinale (Comfrey) Leaf Extract, *Hibiscus Sabdariffa Flower Extract, Polysorbate 20, Fragrance (Parfum)

30.    Indeed, the competitor products displayed above are advertised with nearly identical sugar representations. For example, e.l.f's Lip Exfoliator is advertised

-13-

as "infused with exfoliating sugar," similar to Defendant's "infused with sugar" representation.

31.    Perhaps even more telling, ***Defendant itself sells other Fresh brand products bearing the claim "SUGAR" on the front label, but which do contain sugar***. *See examples below.*



## Why you need it —

Lift away dirt and dullness with a daily scrub made with real strawberries and smoothing sugar crystals that melt as they polish. This gentle face wash exfoliates and cleanses all in one while smoothing the skin's texture and maintaining its natural moisture.

- Gently exfoliates and cleanses in one step
- Removes everyday dirt and dullness
- Smoothes skin's texture while maintaining moisture

Glycerin, Sucrose, Butylene Glycol, Fragaria Vesca (Strawberry) Fruit Extract, PEG-6 Caprylic/Capric Glycerides, Ribes Nigrum (Black Currant) Fruit Extract, Zea Mays (Corn) Starch, Vitis Vinifera (Grape) Seed Oil, Fragaria Ananassa (Strawberry) Fruit Juice, Sapindus Mukorossi Peel Extract, Tocopherol, Parfum (Fragrance), Water, Carbomer, Sodium Hydroxide, BHT, Potassium Sorbate, Phenoxyethanol, Limonene, Citral, Benzyl Alcohol, Linalool.

///

-14-

# Key ingredients



**Grapeseed oil**
helps to smooth and soften.



**Strawberry extract**
helps to maintain a healthy-looking complexion.





**Soap berry peel extract**
contains a high concentration of saponins, natural cleansing agents produced by plants, to gently cleanse the skin of dirt and impurities.



**White sugar crystals**
help to smooth and soften the skin.

# Key ingredients



**Brown sugar**
a natural humectant that seals in moisture, gently buffs away dry, dull skin.



**Shea butter and jojoba oil**
help to hydrate and nourish the skin.



Sucrose, Simmondsia Chinensis (Jojoba) Seed Oil, Isononyl Isononanoate, Hydrogenated Castor Oil, Molasses, Ethylene/Propylene/Styrene Copolymer, Parfum (Fragrance), Silica, Butyrospermum Parkii (Shea Butter), Limnanthes Alba (Meadowfoam) Seed Oil, Vitis Vinifera (Grape) Seed Oil, Tocopheryl Acetate, Butylene/Ethylene/Styrene Copolymer, BHT, Citric Acid, Phenoxyethanol, Limonene, Citral, Benzyl Alcohol.

# Key ingredients



**Apricot kernel oil**
helps to nourish and hydrate.



**Camellia seed oil**
helps nourish and retain moisture.





**Brown sugar**
a natural humectant that seals in moisture, gently buffs away dry, dull skin.



**Ginseng root extract**
helps to nourish and tone the skin.

Sucrose, Prunus Amygdalus Dulcis (Sweet Almond) Oil, Prunus Armeniaca (Apricot) Kernel Oil, Simmondsia Chinensis (Jojoba) Seed Oil, Parfum (Fragrance), Camelina Sativa Seed Oil, Helianthus Annuus (Sunflower) Seed Oil, Panax Ginseng Root Extract, Caprylyl Glycol, Tocopherol, Limonene, Citral, Linalool.

CLASS ACTION COMPLAINT

## Key ingredients









SUCROSE, PROPYLENE GLYCOL DICAPRYLATE/DICAPRATE, STEARALKONIUM HECTORITE, CAPRYLIC/CAPRIC GLYCERIDES POLYGLYCERYL-10 ESTERS, PARFUM (FRAGRANCE), FRAGARIA VESCA (STRAWBERRY) FRUIT EXTRACT, CANDELILLA CERA (EUPHORBIA CERIFERA (CANDELILLA) WAX), MANGIFERA INDICA (MANGO) SEED BUTTER, PROPYLENE CARBONATE, LIMONENE, LIMNANTHES ALBA (MEADOWFOAM) SEED OIL, VITIS VINIFERA (GRAPE) SEED OIL, PRUNUS DOMESTICA SEED OIL, TOCOPHEROL, TOCOPHERYL ACETATE, GLYCERIN, FRUCTOSE, GLUCOSE, AQUA (WATER), CARAMEL, POTASSIUM SORBATE, CITRAL, LINALOOL

32.    Defendant could have clearly provided sugar in the Products, but failed to do so.

33.    As the entity responsible for the development, manufacturing, packaging, labeling, advertising, distribution and sale of the Products, Defendant knew or should have known that the Products falsely and deceptively represent that they contain sugar.

34.    Defendant also knew or should have known that Plaintiffs and other consumers, in purchasing the Products, would rely on Defendant's front label representations and other advertising about sugar. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers and compete with other manufacturers who use real sugar in their products.

35.    Consumers are willing to pay more for the Products based on the belief that the Products contain sugar, as promised on the front labels and advertising. Plaintiffs and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known the truth about them. Thus, through the use of deceptive marketing tactics and misleading representations, Defendant commands a price that Plaintiffs and the Class would not have paid had

they been fully informed. Therefore, Plaintiffs and other consumers purchasing the Products have suffered financial injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## **CLASS ACTION ALLEGATIONS**

36.    Plaintiffs bring this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

### **Nationwide Class**

All residents of the United States who purchased any of the Products within the applicable statute of limitation ("Nationwide Class").

### **California Class**

All residents of California who purchased any of the Products in California within the applicable statute of limitation ("California Class").

### **California Consumer Subclass**

All residents of California who purchased any of the Products in California for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass") (together with the Nationwide Class and the California Class, the "Classes").

37.    Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

38.    Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

-17-

39.    Plaintiffs are members of all the Classes.

40.    **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiffs but is likely to be ascertained by the Defendant's records. At a minimum, there likely are tens of thousands of Class members.

41.    **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

a.  whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

b.  whether reasonable consumers would rely upon Defendant's representations about the Products and reasonably believe the Products contain sugar;

c.  whether Defendant knew or should have known its representations were false or misleading;

d.  whether Defendant was unjustly enriched by retaining monies from the sale of the Products;

e.  whether certification of each Class is appropriate under Rule 23;

f.  whether Plaintiffs and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

g.  the amount and nature of the relief to be awarded to the Plaintiffs and the Classes, including whether Plaintiffs and the Classes are entitled to punitive damages.

42.    **Typicality:** Plaintiffs' claims are typical of the other Class members because Plaintiffs, as well as Class members, purchased the Products and relied on the representations made by the Defendant about the Products prior to purchasing the Products. Plaintiffs and the members of each Class paid for Defendant's Products and

-18-

would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

43. **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiffs and their counsel.

44. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

45. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

46. **Declaratory and Injunctive Relief:** Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless a class-wide

-19-

injunction is issued, Defendant will continue to advertise, market, promote, and sell the Products in an unlawful and misleading manner, as described throughout this Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights under the law.

## FIRST CLAIM FOR RELIEF
### Violation of California's Consumers Legal Remedies Act
### California Civil Code § 1750, *et seq.*
### (*For the California Consumer Subclass*)

47.    Plaintiff Burke repeats the allegations contained in paragraphs 1-45 above as if fully set forth herein.

48.    Plaintiff Burke bring this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

49.    The Products are "good[s]" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiffs and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

50.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have[.]" By using representations about sugar on the front label and advertising of the Products, Defendant has represented and continues to represent that the Products have characteristics and ingredients (i.e., contain sugar) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

51.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By using representations about sugar on the front label and advertising of the Products, Defendant has represented and continues

to represent that the Products are of a particular standard (i.e., contain sugar) that they do not meet. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

52.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By using representations about sugar on the front label and advertising of the Products, and not delivering a Products with sugar, Defendant has advertised the Products with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

53.     At all relevant times, Defendant has known or reasonably should have known that the representations about sugar on the front label and advertising of the Products are false and deceptive, and that Plaintiff Burke and other members of the California Consumer Subclass would reasonably and justifiably rely on these representations when purchasing the Products. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers into believing they are receiving sugar.

54.     Plaintiff Burke and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representations when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff Burke and members of California Consumer Subclass.

55.     Plaintiff Burke and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Products, or would not have purchased them at all, had they known that the Products do not contain sugar.

56.     Under Cal. Civ. Code § 1782, on June 13, 2024, the undersigned counsel sent Defendant a notice letter through certified mail, notifying Defendant of its violations under the CLRA (as well as other statutes and laws). More than 30 days have passed since Defendant's receipt of that notice letter, yet Defendant has not

-21-

cured its false and deceptive conduct on a class-wide basis. As such, this Complaint seeks damages under the CLRA, as well as all other available remedies. Because Defendant has failed to fully rectify the issues within 30 days after receipt of the notice and demand letter, Plaintiffs timely filed this Class Action Complaint for a claim for damages under the CLRA.

## SECOND CLAIM FOR RELIEF
### Violation of California's False Advertising Law
### California Business & Professions Code § 17500, *et seq*
### (*For the California Class*)

57.    Plaintiff Burke repeats the allegations contained in paragraphs 1-45 above as if fully set forth herein.

58.    Plaintiff Burke bring this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq*.

59.    The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

60.    Defendant has represented and continues to represent to the public, including Plaintiff Burke and members of the proposed California Class, through its deceptive labeling and advertising, that the Products contain sugar. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

61.    As a result of Defendant's false advertising, Defendant has and continues

-22-

to unlawfully obtain money from Plaintiff Burke and members of the California Class. Plaintiff Burke therefore request that the Court cause Defendant to restore this fraudulently obtained money to them and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Burke and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

### THIRD CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law ("UCL"),
California Business & Professions Code § 17200, *et seq.*
(*For the California Class*)**

62.    Plaintiffs repeat the allegations contained in paragraphs 1-45 above as if fully set forth herein.

63.    Plaintiffs bring this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California Business & Professions Code § 17200.

64.    The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising[.]"

65.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, the FAL, and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiffs and members of the proposed California Class.

66.    Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices

are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the labeling. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiffs and members of the proposed California Class.

67.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because, due to the Products' Sugar Representations, it has the effect of deceiving consumers into believing the Products contain sugar when they do not. Because Defendant misled Plaintiffs and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiffs and members of the California Class.

68.    Plaintiffs request that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money from them, and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiffs and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
**(*For the California Class*)**

69.    Plaintiffs repeat the allegations contained in paragraphs 1-45 above as if fully set forth herein.

70.    Plaintiffs bring this claim individually and on behalf of the members of

-24-

the California Class against Defendant for breach of express warranty under Cal. Com. Code § 2313.

71.    California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

72.    Defendant has expressly warranted on the Products' front packaging and advertising that the Products contain sugar. However, as alleged herein, these express representations are false and misleading. The Products do not contain sugar.

73.     Defendant's Sugar Representations on the Products' front labels and advertising are: (a) affirmations of fact or promises made by Defendant to consumers that the Products contain sugar; (b) became part of the basis of the bargain to purchase the Products when Plaintiffs and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmations of fact or promises. In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

74.    Plaintiffs and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties and contain sugar.

75.    Defendant has breached the express warranties made to Plaintiffs and members of the California Class by failing to provide the Products with sugar as promised on the Products' front label and advertising.

76.    Plaintiffs and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If

Plaintiffs and members of the California Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated with them. As a result, Plaintiffs and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

77.    Upon discovering this breach, on June 13, 2024, Plaintiff Cooper, through the undersigned counsel, notified Defendant of its breach of warranty by way of a notice letter outlining the foregoing allegations.

### FIFTH CLAIM FOR RELIEF
**Breach of Implied Warranty**
**Cal. Com. Code § 2313**
(***For the California Class***)

78.    Plaintiffs repeat the allegations contained in paragraphs 1-45 above as if fully set forth herein.

79.    Plaintiffs bring this claim individually and on behalf of the members of the California Class against Defendant.

80.    California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

81.    California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

82.    Defendant is a merchant with respect to the sale of Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

83.    By advertising the Products with representations about sugar on the Products' front label and advertising, Defendant made an implied promise that the Products contain sugar. However, the Products have not "conformed to the promises . . . made on the container[s] or label[s]" because the Products do not contain sugar.

-26-

Plaintiffs, as well as other California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

84.     If Plaintiffs and members of the California Class had known that the Products' Sugar Representations were false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiffs and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

85.     Upon discovering this breach, on June 13, 2024, the undersigned counsel notified Defendant of its breach of warranty by way of a notice letter outlining the foregoing allegations.

### SIXTH CLAIM FOR RELIEF
**Quasi Contract/Unjust Enrichment/Restitution**
***(for the Nationwide Class; alternatively, for the California Class)***

86.     Plaintiffs repeat the allegations contained in paragraphs 1-45 above as if fully set forth herein.

87.     Plaintiffs bring this claim individually and on behalf of the Nationwide Class, or in the alternative on behalf of the California Class.

88.     As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiffs and members of the Classes to induce them to purchase the Products. Plaintiffs and members of the Classes have reasonably relied on the misleading representations and have not received all the benefits (i.e., Products containing sugar) promised by Defendant through the Products' Sugar Representations. Plaintiffs and members of the proposed Classes have therefore been induced by Defendant's misleading and deceptive representations about the Products, and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

89.    Plaintiffs and members of the proposed Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to it by Plaintiffs and members of the proposed Classes.

90.    The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the proposed Classes—i.e., Plaintiffs and members of the proposed Classes did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it.

91.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and members of the proposed Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed Classes, respectfully pray for the following relief:

A.    Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiffs as Class representative, and appointment of their counsel as Class Counsel;

B.    A declaration that Defendant's actions, as described herein, violate the laws outlined in each of Plaintiffs' claims for relief described herein;

C.    An award to Plaintiffs and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

D.    An award for all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

1  E.    An award for nominal, punitive, and statutory damages;

2  F.    An award to Plaintiffs and their counsel of reasonable expenses and

3  attorneys' fees;

4  G.    An award to Plaintiffs and the proposed Classes of pre and post-

5  judgment interest, to the extent allowable; and

6  H.    For such further relief that the Court may deem just and proper.

7  **<u>DEMAND FOR JURY TRIsAL</u>**

8  Plaintiffs, on behalf of themselves and the proposed Classes, hereby demand a

9  jury trial with respect to all issues triable of right by jury.

10

11  DATED: December 8, 2025            **TREEHOUSE LAW, LLP**

12                                    By: /s/ *Joseph Hakakian*

13

14                                    Joseph Hakakian (SBN 323011)
                                       Benjamin Heikali (SBN 307466)
15                                    Ruhandy Glezakos (SBN 307473)
                                       Joshua Nassir (SBN 318344)
16                                    3130 Wilshire Blvd. Suite 555
                                       Santa Monica, CA 90403
17                                    Telephone: (310) 751-5948
18                                    jhakakian@treehouselaw.com
                                       bheikali@treehouselaw.com
19                                    rglezakos@treehouselaw.com
                                       jnassir@treehouselaw.com
20

21

22                                    *Attorneys for Plaintiffs and the*
                                       *Putative Classes*
23

24

25

26

27

28