United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**HELENA BURKE, ET AL.,**

Plaintiffs,

**v.**

**FRESH, INC.,**

Defendant.

Case No.: 25-cv-10520-YGR

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 20

Plaintiffs Helena Burke and Breonna Cooper bring this putative consumer class action alleging that defendant Fresh, Inc. engaged in false and deceptive labeling and marketing of its "Sugar" lip balms. The alleged false marketing includes statements that the products include sugar when they instead contain sucrose tetrastearate triacetate, a sugar alcohol. The complaint alleges violations of the California Consumers Legal Remedies Act ("CLRA," Cal. Civil Code § 1750 *et seq*.); California False Advertising Law ("FAL," Cal. Bus. & Prof. Code § 17500 *et seq.*); and California's Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200 *et seq*.), as well as claims for breach of express warranty and implied warranty of merchantability; and unjust enrichment.

Fresh moves to dismiss on five primary grounds: (a) failure to comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard; (b) preemption of plaintiffs' claims by federal law; (c) failure to demonstrate standing to sue for unpurchased products; (d) failure to allege plausible claims under the CLRA, FAL, or UCL; and (e) failure to allege a basis for breach of warranties and unjust enrichment.

Having carefully considered the papers submitted and the pleadings in this action, for the reasons set forth below, the Court hereby **DENIES** defendant's motion to dismiss.

## I. BACKGROUND

The complaint alleges the following:

Helena Burke bought Fresh's Sugar Watermelon Hydrating Lip Balm and Sugar Tinted Lip Balm from a Sephora store in Anaheim, California, in or around June 2022. Breonna Cooper purchased Fresh's Sugar Lip Treatment Lip Balm from a Macy's store in San Francisco, California, around August 2024 or January 2025. Plaintiffs believed that these lip balms contained sugar due to their "Sugar" front label branding. (Dkt. No. 1, Complaint ("Comp.") ¶¶ 11–12.) Plaintiffs define sugar specifically as sucrose. Neither plaintiff read the lip balms' back label, which lists sucrose tetrastearate triacetate instead of sucrose. Had Burke and Cooper known this fact before their purchases, they would not have bought the items for the advertised price.

Plaintiffs seek to bring a class action on behalf of all class members injured by defendant's allegedly deceptive business practice of advertising a sugar-free lip balm as containing sugar. Plaintiffs' claims cover 28 lip balm products trademarked under the Sugar brand which do not contain sucrose as an ingredient. (*Id.* ¶ 16.) The list of products includes 25 items that neither named plaintiff purchased.

## II. LEGAL STANDARD

In evaluating a motion to dismiss, the Court accepts factual allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To prevail, defendant must show either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *See Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990)).

United States District Court
Northern District of California

## III. ANALYSIS

### A. Rule 9(b)'s Heightened Pleading Standard

Federal rules establish a heightened pleading standard for allegations of fraud. Fed. R. Civ. P. 9(b). ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (to be alleged with particularity under Rule 9(b), a plaintiff must allege "the who, what, when, where, and how" of the alleged fraudulent conduct) (internal citations and quotations omitted); see also *Tatung Co. v. Shu Tze Hsu*, 43 F.Supp.3d 1036, 1060 (C.D. Cal. 2014) (applying Rule 9(b)'s heightened pleading standard to state law claims brought in federal court).

Defendant argues that plaintiffs fail to elaborate on the type of sugar missing from defendant's lip balms. Fresh also claims that plaintiffs do not detail when or where they saw specific advertisements or promotional materials advertising Sugar lip balms and how they relied on these materials to make their purchases.

The Court disagrees. Plaintiffs satisfy Rule 9(b) in a putative class action involving "dozens of labels" by simply identifying (1) the specific product they purchased, (2) the store of purchase, and (3) the label at issue. *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785–86 (9th Cir. 2024). Plaintiffs identify the three specific Sugar lip balms they purchase, name the Target and Sephora stores where the purchases occurred, and provide detailed images of the allegedly deceptive Sugar labels that, in plaintiffs' view, all falsely tell consumers that the lip balms contain sugar. Plaintiffs also specify the missing sugar type as sucrose. This is sufficient for Rule 9(b)'s heightened pleading requirements to provide sufficient notice of the claims. Accordingly, the Court **Denies** defendant's motion to dismiss on this ground.

### B. Preemption

Fresh argues that under Title 21, Section 701.11 of the Code of Federal Regulations, the federal Food and Drug Administration ("FDA") requires the company to place the Sugar trademark clearly on its lip balms' front label so that consumers can easily identify it. Further, Fresh claims that 21 U.S.C. § 379s indicates that Section 701.11 preempts any state laws regarding cosmetic packaging

United States District Court
Northern District of California

that differs from it. In general, no state may create a requirement for cosmetics that does not match an FDA-established standard of identity. 21 U.S.C. § 343–1(a)(1); *see also Lam v. Gen. Mills, Inc.,* 859 F.Supp.2d 1097, 1102 (N.D. Cal. 2012) (holding that FDA regulations permit statements describing a product as "fruit flavored" and "naturally flavored," therefore preempting state law claims based on deceptive labeling); *Chacanaca v. Quaker Oats Co.,* 752 F.Supp.2d 1111, 1118–23 (N.D. Cal. 2010) (finding express preemption where plaintiff's claims attacked package labeling that FDA regulations permitted); *see also Perez v. Nidek Co., Ltd.,* 711 F.3d 1109, 1118 (9th Cir. 2013) (precluding state law claims that would impose a disclosure requirement "different from, or in addition to" the federal Food, Drug, and Cosmetic Act's ("FDCA") medical device provisions).

As applied here, the Court finds that plaintiffs do not "ask the [C]ourt to require anything different than the FDA requirements," and thus, federal law does not preempt their claims. *Ivie v. Kraft Foods Glob., Inc.*, Case No. 12-cv-2554 (RMW), 2013 WL 685372, at *11 (N.D. Cal. 2013). Said differently, the FDCA "does not preempt a state-law claim for violating a state-law duty that parallels a federal-law duty under the [FDCA]." *Stengel v. Medtronic, Inc.,* 704 F.3d 1224, 1228 (9th Cir. 2013) (*en banc*). It also follows that federal law cannot preempt state laws that impose any ingredient labeling requirements that do not differ from or add to the FDCA's existing requirements. *Fagan v. Neutrogena Corp.*, Case No. 13-cv-1316 (SVW), 2014 WL 92255, at *1 (C.D. Cal. 2014).

Here, Section 701.11 gives manufacturers several options to comply with its "statement of identity" requirements. Instead of displaying the Sugar brand on its lip balms' principal display panel, Fresh could use another "appropriately descriptive name" or even an "illustration or vignette" to comport with federal identification requirements. 21 CFR § 701.11. Moreover, plaintiffs' state law claims concerning the allegedly misleading nature of Sugar branding on Fresh's lip balms parallel the restrictions imposed by Section 362(a) of the FDCA, which bans false or misleading labeling of cosmetics. Therefore, Title 21, Section 379s does not preempt any of plaintiffs' claims regarding cosmetics packaging. Accordingly, the Court **DENIES** defendant's motion to dismiss on grounds of preemption.[1]

[1] Defendant makes a new argument in its Reply that the Sugar lip balms' name is "fanciful." (Dkt. No. 25, Defendant's Reply in Support of Motion to Dismiss ("Reply") at 15.) The Court does

United States District Court
Northern District of California

### C. Standing to Sue for Unpurchased Products

Fresh claims that plaintiffs may only seek damages for the three products they bought, and not the other 25 unpurchased products related to the three purchased lip balms.

Generally, courts have found that plaintiffs have standing to assert claims with respect to unpurchased products if those products are "substantially similar" to plaintiffs' purchased products. *See, e.g.*, *Brown v. Nature's Paths Foods, Inc.*, Case No. 21-cv-5132 (HSG), 2023 WL 2699978, at *4 (N.D. Cal. 2023); *Swartz v. Dave's Killer Bread, Inc.*, Case No. 21-cv-10053 (YGR), 2023 WL 11965055, at *4 (N.D. Cal. 2023). In assessing substantial similarity, courts have considered factors including "whether the challenged products are of the same kind, whether they are comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Wilson v. Frito–Lay N. Am.*, 961 F.Supp.2d 1134, 1141 (N.D. Cal. 2013); *see also Lanovaz v. Twinings N. Am., Inc.,* Case No. 12-cv-2646 (RMW), 2013 WL 2285221, at *3 (N.D. Cal. 2013). Courts also assess substantial similarity by "focus[ing] on whether the resolution of the asserted claims will be identical between the purchased and unpurchased products." *Ang v. Bimbo Bakeries USA, Inc.*, Case No. 13-cv-1196 (WHO), 2014 WL 1024182, at *8 (N.D. Cal. 2014); *see also Brown*, 2023 WL 2699978, at *4.

Plaintiffs' claims against Fresh all hinge on defendant's alleged mislabeling of its Sugar lip balm products. All of Fresh's lip balms identified in the complaint bear this alleged mislabeling, and Fresh's advertisements market their lip balms as sharing most core ingredients. Because of these similarities, it is plausible that the Court would resolve claims between the purchased and unpurchased lip balms identically. That said, the more appropriate time to address this topic would be at class certification. As currently alleged, the Court finds plaintiffs have standing to sue for the unpurchased lip balms. Accordingly, the Court **Denies** defendant's motion to dismiss for lack of standing.

---

not consider new arguments in Reply. In any event, this assertion, like much of the Reply, makes factual assumptions and arguments not appropriate at the motion to dismiss stage.

United States District Court
Northern District of California

**D. Availability of Equitable Relief**

Plaintiffs make equitable claims for injunctive relief under the CLRA, FAL, and UCL; as well as a demand for equitable restitution for unjust enrichment.

*First*, defendant argues that the Court should dismiss all of plaintiffs' claims for equitable relief because plaintiffs have not demonstrated that they lack adequate claims for monetary damages. In *Sonner v. Premier Nutrition Corp.*, the Ninth Circuit found that federal common law applies to state law claims for equitable restitution and held that plaintiffs must establish that they lack "an adequate remedy at law before securing equitable restitution for past harm." 971 F.3d 834, 844 (9th Cir. 2020). However, *Sonner* "require[s] far less at the pleading stage." *In re Natera Prenatal Testing Litig.*, 664 F.Supp.3d 995, 1012 (N.D. Cal. 2023). To pass *Sonner*'s bar at the motion to dismiss phase, a plaintiff must simply plead that she "lacks an adequate legal remedy," *Johnson v. Trumpet Behav. Health, LLC*, Case No. 21-3221 (WHO), 2022 WL 74163, at *3 (N.D. Cal. 2022), or that "legal remedies were not as certain as equitable remedies," *Murphy v. Olly Public Benefit Corp.*, 651 F.Supp.3d 1111, 1129 (N.D. Cal. 2023).

District courts in the Ninth Circuit split over the applicability of *Sonner* to injunctive relief. In the context of a CLRA, FAL, or UCL claim within this district, plaintiffs pass *Sonner*'s requirements at the motion to dismiss stage as long as they allege that "monetary damages for past harm are an inadequate remedy for the future harm that an injunction under California consumer protection is aimed at" addressing. *Zeiger v. WellPet LLC*, 526 F.Supp.3d 652, 687 (N.D. Cal. 2021); *accord Brown v. Nature's Path Foods*, Case No. 21-cv-5132 (HSG), 2022 WL 717816, at *6, fn. 5 (N.D. Cal. 2022) (finding that if "Nature's Path's conduct exposes [p]laintiffs to prospective injuries for which remedies at law would be inadequate," injunctive relief may be appropriate).

Additionally, *Sonner* does not preclude plaintiffs "seeking equitable relief . . . from doing so in the alternative to remedies at law." *Cepelak v. HP Inc.*, Case No. 20-cv-2450 (VC), 2021 WL 5298022, at *2 (N.D. Cal. 2021); *see also Warren v. Whole Foods Mkt. Cal., Inc.*, Case No. 21-cv-4577 (EMC), 2022 WL 2644103, at *9 (N.D. Cal. 2022) (finding that plaintiffs are "not barred by *Sonner* . . . from pursuing alternative remedies" at the motion to dismiss stage); *Jeong v. Nexo Fin.*

*LLC*, Case No. 21-cv-2392 (BLF), 2022 WL 174236, at *27 (N.D. Cal. 2022) (deciding that "there is no binding precedent that holds that pleading equitable restitution in the alternative is improper.")

In their complaint, plaintiffs argue that unless injunctive relief is offered, "[d]efendant will continue to advertise, market, promote, and sell the [p]roducts in an unlawful and misleading manner . . . and members of the [c]lasses will continue to be misled, harmed, and denied their rights under the law." (Comp. ¶ 46.) Plaintiffs expand on this contention in their opposition, stating that if an injunction is not on the table, "they [will] continue to encounter the [p]roducts at retail stores, they cannot be certain Fresh has corrected its deceptive labeling, and they remain at risk of purchasing the [p]roducts again based on the same false representations." (Dkt. No. 24, Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Oppo.") at 20.) The Court agrees. Thus, at this stage, monetary damages are potentially an inadequate remedy for future harm.

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiffs' claims for equitable relief.

### E. CLRA, FAL, AND UCL CLAIMS

Plaintiffs allege that defendant violated the CLRA, FAL, and UCL by using the Sugar branding on their lip balms despite the products lacking sugar. Plaintiffs define sugar as sucrose only. Sugar assists in cell turnover, exfoliation, and skin cell regeneration: properties which plaintiffs claim are material to consumers' purchasing decisions.

Defendant argues that plaintiffs make implausible claims under the UCL, FAL, and CLRA because no reasonable consumer could believe that an ambiguous front label accurately represents whether their product contains sucrose or any type of sugar at all. Defendant further contends that it has included sucrose in its product, in the form of sodium tetrastearate triacetate, a sugar alcohol "mixture of [the] esters" stearic acid, acetic acid, and sucrose.

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. California's FAL forbids any "untrue or misleading" advertising. *Id.* § 17500. The CLRA makes any "unfair methods of competition and unfair or deceptive acts or practices" illegal. Cal. Civ. Code § 1770.

United States District Court
Northern District of California

A "reasonable consumer" standard governs deceptive advertising claims under the UCL, FAL, and CLRA. *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). Plaintiffs must plead facts showing "that a significant portion of . . . targeted consumers, acting reasonably in the circumstances, could be misled." *Id*. However, "whether a business practice is deceptive will usually be a question of fact not appropriate for" a motion to dismiss, as long as plaintiff's factual allegations "raise a right to relief above the speculative level." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Courts should only deem it "not necessary to evaluate additional evidence regarding whether the advertising was deceptive" in the "rare situation" where it is "impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Id*. at 939.

Plaintiffs allege that Fresh built "an entire marketing campaign telling consumers its [p]roducts contain sugar" as a "natural humectant" and "hydrating" agent, displaying "photographs of real sugar crystals alongside its [p]roducts," and including lip balms prominently in those product lineups and advertisements. (Oppo. at 5.) Plaintiffs also claim that because "Sugar" occupies the primary display panel with "large, bold, dominant text," a reasonable consumer would understand it as a "description of what the product contains." (Oppo. at 6–7.) All these allegations plausibly raise a right to relief above the speculative level and demonstrate that targeted, reasonable consumers could be misled by Fresh's lip balm branding. *Compare Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1018 (9th Cir. 2020) (finding that a "reasonable consumer being told about 'prescription pet food' may be surprised to learn that there are no drugs or controlled ingredient in [that] pet food"); *Williams*, 552 F.3d at 939 (holding that "packaging pictures [of] a number of different fruits" that could suggest "that those fruits or their juices are contained in the product . . . could easily be interpreted by consumers as a claim that all the ingredients in the product were natural"); *Brady v. Bayer Corp.*, 26 Cal.App.5th 1156, 1172 (2018) (deciding that a reasonable consumer could be misled by Bayer's "One a Day" branding when they actually have to take the supplement twice a day for a full dosage). Sucrose not appearing on the lip balm's back label ingredient list does not allow Fresh to allegedly "mislead consumers" on "the front of the box" and then "rely on the ingredient list to

correct those misinterpretations and provide a shield for liability for the deception."[2] *Williams*, 552 F.3d at 939.

Plaintiffs also plead that they paid a "premium price" for Fresh's lip balms over cheaper alternatives because of the alleged promise of sugar. (Comp. ¶ 76.) When a consumer purports that they paid a "significantly higher price" for specific ingredients and relied on a manufacturer's labeling or advertising to do so, the Court should deny a motion to dismiss and let the parties submit "evidence about why the difference in [or lack of] ingredients mattered." *Moore*, 966 F.3d at 1019–20; *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 966 (9th Cir. 2018) (denying Kimberly-Clark's motion to dismiss a complaint from customers who "paid a premium price" for flushable wipes that may not be flushable).

Moreover, Fresh's briefings fail to classify sodium tetrastearate triacetate, a sugar alcohol "mixture of [the] esters" stearic acid, acetic acid, and sucrose, as a sugar. (Dkt. No. 20, Defendant's Motion to Dismiss ("Mtn.") at 13; Dkt. No. 20-2, Declaration of Carlo F. Bustillos ("Bustillos Decl.") ¶ 4, Ex. 3 at 71S.) Despite defendant's assertions, Fresh's expert report never explicitly defines sugar alcohols as sugar. (Bustillos Decl. ¶ 4, Ex. 3 at 71S.) Federal courts also take different stances as to whether various sugar alcohols count as sugar. *See Scott v. Saraya USA, Inc.*, 675 F.Supp.3d 1040, 1044, 1047–48 (N.D. Cal. 2023) (deciding that a "sugar free" label on a product "predominantly sweetened with . . . a sugar alcohol" could mislead reasonable consumers); *contra Franco v. Chobani*, 184 F.4th 599, 603 (7th Cir. 2026) (not including sugar alcohols in its definition of " '[t]otal sugars' as 'the sum of all free mono- and disaccharides' ") (quoting 21 C.F.R. § 101.9(c)(6)(ii)); *Lolicel (Pty) Ltd. v. Stanmar Int'l [USA] Inc.*, Case No. 22-cv-926 (LL), 2025 WL 4679332, at *4 (S.D. Cal. 2025) (deeming a food manufacturer's usage of "sugar alcohols to make instant jels and puddings" a "sugar

[2] Defendant cites *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098–99 (9th Cir. 2023), *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021), *Workman v. Plum, Inc.*, 141 F.Supp.3d 1032, 1034–35 (N.D. Cal. 2015), and *Werbel ex rel. v. Pepsico, Inc.*, Case No. 09-cv-4456 (SBA), 2010 WL 2673860, at *3–5 (N.D. Cal. 2010), to argue the opposite. However, *McGinity*, *Trader Joe's*, and *Workman* all involve disputes where the product actually contains the ingredients in controversy, and the front label ambiguously advertises the prominence of certain ingredients over others. Here, plaintiffs allege that the prominently advertised and labeled ingredient, sugar, is not present in the product at all. Moreover, *Werbel* involves a product with a front-label illustration that does not depict the allegedly missing ingredient and that contains a clear front-label statement that the product is made of other components. Fresh's lip balms have neither of these attributes.

free formula"). As demonstrated, a factual dispute exists. Discovery will inform whether sodium tetrastearate triacetate qualifies as sucrose.

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiffs' CLRA, FAL, and UCL claims.

### F. BREACH OF WARRANTIES

Plaintiffs contend that when Fresh branded its lip balms under the Sugar label, Fresh created an express warranty and implied warranty of merchantability that its lip balms would contain sucrose. Plaintiffs claim that Fresh broke these warranties by not including sucrose in the lip balm. Defendant argues that the Sugar brand name does not constitute any warranty that the lip balms contain a particular kind of sugar. Defendant also contends that plaintiffs purchased the lip balms from third parties and lack the privity with Fresh required to create an implied warranty.

As a threshold matter, "[u]nder California law, '[t]he general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.' " *In re Clorox Consumer Litig.*, 894 F.Supp.2d 1224, 1236 (N.D. Cal. 2012) (alteration in original) (quoting *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 695 (Cal. 1954)). "However, a 'particularized exception' to the privity requirement exists . . . 'when the plaintiff relies on written labels or advertisements of a manufacturer.' " *Young v. Cree, Inc.*, Case No. 17-cv-6252 (YGR), 2018 WL 1710181, at *8 (N.D. Cal. 2018) (quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008)). Here, plaintiffs satisfy the privity requirement because they properly plead that they relied on Fresh's Sugar labeling and marketing in purchasing the lip balms.

Next, "[t]o prevail on a breach of express warranty claim, [p]laintiffs must prove: (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Rugg v. Johnson & Johnson*, 2018 WL 3023493, at *4 (N.D. Cal. 2018) (citation omitted). Plaintiffs must allege that the "exact terms" of the express warranty were breached. *Watkins v. MGA Entertainment, Inc.*, 550 F.Supp.3d 815, 830 (N.D. Cal. 2021). A label may breach an express warranty where it is misleading under the reasonable consumer test. *See Moore v. EO Prods., LLC*, 2023 WL 6391480, at *8 (N.D.

Cal. 2023) (citing cases with "breach of express warranty claims based on allegedly misleading food labeling"); *Azoulai v. BMW of N. Am. LLC*, 2017 WL 1354781, at *7 (N.D. Cal. 2017) ("[C]laims for breach of an express warranty[ ] require a showing that alleged statements or omissions are likely to deceive reasonable consumers.") (internal citation omitted).

Likewise, California's implied warranty of merchantability provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respects to goods of that kind." Cal. Com. Code § 2314(1). "Goods to be merchantable must . . . [c]onform to the promises or affirmations of fact made on the container or label if any." *Id.* § 2314(2)(f).

As the Court held earlier in discussing plaintiffs' CLRA, FAL, and UCL claims, plaintiffs plausibly pled facts alleging that (1) Fresh's Sugar label promised sucrose in its lip balms; (2) plaintiffs relied on the Sugar branding in paying a premium for Fresh's lip balms, thinking they contained sucrose; and (3) Fresh did not provide the promised sucrose in its lip balms.

Therefore, defendant's motion to dismiss plaintiffs' claims for breach of express warranty and implied warranty of merchantability is **DENIED**.

### G. UNJUST ENRICHMENT

Plaintiffs believe that Fresh unjustly enriched itself and demand restitution for profits Fresh obtained from its allegedly deceptive lip balm advertising. Defendant contends that its products were worth what plaintiffs paid for them, as substituting sucrose for sodium tetrastearate triacetate would have decreased the lip balm's value by conferring "harsher exfoliating properties," instead of sodium tetrastearate triacetate's "hydrating, moisturizing benefits." (Mtn. at 20.)

Unjust enrichment is a restitutionary-based claim. It "is a theory of recovery in quasi-contract, in which a plaintiff contends the defendants received a benefit to which they were not entitled . . . [t]o state a claim for unjust enrichment, plaintiff must allege receipt of a benefit and unjust retention of the benefit at the expense of another." *Verde Media Corp. v. Levi*, Case No. 14-cv-891 (YGR), 2015 WL 374934, at *8 (N.D. Cal. Jan. 28, 2015) (internal quotation marks and citations omitted). However, "[t]here is no equitable reason for invoking restitution when the plaintiff gets the exchange [they]

expected." *Peterson v. Cellco Partnership*, 164 Cal.App.4th 1583, 1593 (2008) (internal citation and quotations omitted).

As the Court decided earlier in discussing plaintiffs' CLRA, FAL, and UCL claims, plaintiffs properly plead that they paid a premium to have sugar in their lip balms, and that Fresh did not give them sugar in return for that premium. At the motion to dismiss stage, the Court lacks the information necessary to determine whether sodium tetrastearate triacetate would have conferred harsher exfoliating properties than sucrose, or whether sodium tetrastearate triacetate is a sugar at all. Further, that the claim may be duplicative can be addressed at a different juncture. The elements are different and the Court is not prepared to eliminate this avenue at this point.

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiffs' unjust enrichment claims.

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss plaintiffs' putative class action complaint is **DENIED**. Defendant shall file an answer to the complaint within 21 days of this Order. A case management conference is set for Monday, November 16, 2026 at 2:00 p.m. A clerk's notice with details will issue.

This terminates Dkt. No. 20.

**IT IS SO ORDERED.**

**Date:** September 28, 2026

YVONNE GONZALEZ ROGERS
CHIEF UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California